GULF REFINING Co., et al. *v.* GRIFFITH.

Oct. 6, 1952

No. 38511          2 Adv. S. 27          60 So. 2d 525

See headnotes Griffith, et al. v. Gulf Refining Company, et al., No. 38566, ante.

See briefs in Griffith, et al. v. Gulf Refining Company, et al., ante.

ALEXANDER, J.

Appellee filed a petition before the State Oil and Gas Board alleging that he is the owner of an undivided 1/16th interest in the minerals in a tract of ninety acres embraced within an established drilling unit of 233.005 acres upon which there had been and is a producing gas well under a drilling permit. The lease covering this tract is owned by the Gulf Refining Company and the Magnolia Petroleum Company, each having a lease upon an undivided one-half the minerals therein. The well was drilled by the former under an agreement with the Magnolia Petroleum Company, and is located in the unit upon land in which Griffith owns no minerals. The petition seeks a pooling or integration of the entire drilling unit in which he owns the interest above stated.

The Board dismissed the petition upon the ground that it had no jurisdiction in the matter. No basis for such finding was stated and it is assumed that it was grounded upon an absence of any right in the petitioner to share in production from the well. This is the ground argued upon this appeal and in the companion case No. 38566, similarly styled, and this day decided.

Attorneys for the Gulf Refining Company appeared before the Board and opposed the petition on the ground that the petitioner had no interest in the production of gas from a tract within the established drilling unit in which he had no mineral interest.

Our decision in the companion case, which was consolidated for submission with the instant case, removes any doubt that Griffith is entitled to share in the production. The Board therefore had power and jurisdiction to order integration of the unit under Section 10, Chapter 256, Laws of 1948, as amended by Chapter 220, Laws of 1950.

Attack was made before the Board upon the sufficiency of notice of the hearing of the petition. Upon appeal to

the circuit court such notice was held sufficient and the order of the Board reversed. We do not extend the discussion of this phase of the matter, in view of this finding, and since any defect therein would not alter the power and duty of the Board to hear the petition upon notice. If it had the power it had jurisdiction. The matter of notice, being subject to a perfection of any defects, may be left for whatever adjustment the parties may be advised to take. In no event would any insufficiency therein affect the Board's jurisdiction over the subject matter. Nor are we concerned with the possibility that our decision in cause No. 38566 may, from a practical standpoint, render integration under the statute without additional advantage to the petitioner. The right exists and the motive for its exercise is irrelevant.

The action of the circuit court in reversing the order of the Board is therefore affirmed, and the cause is remanded to the circuit court for further appropriate action.

Affirmed and remanded.

All Justices concur.